USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/28/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
      :
SCOTT MAIONE, et al.,      :
      :
                      Plaintiffs,      :      17-CV-8106 (JMF)
      :
         -v-      :      MEMORANDUM OPINION
      :              AND ORDER
MEDICAL ANSWERING SERVICES, LLC, et al.,      :
      :
                      Defendants.      :
      :
-----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Scott Maione and Tasha Ostler, proceeding *pro se*, bring claims against Dr. Howard Zucker, Commissioner of the New York State Department of Health ("DOH"); Samuel D. Roberts, Commissioner of the New York State Office of Temporary and Disability Assistance ("OTDA"); Medical Answering Services, LLC ("MAS"); Russ Maxwell, MAS's owner and president; and Wayne Freeman, MAS's former chief operating officer. (Docket No. 1 ("Compl.")). Plaintiffs, the parents of three minors who receive Medicaid, bring constitutional and statutory claims relating Defendants' reimbursement of expenses associated with travel to and from medical appointments. Defendants now move, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, to dismiss Plaintiffs' claims. (Docket Nos. 19, 26, 41).[1] For the reasons that follow, their motions are GRANTED and Plaintiffs' claims are dismissed.

---

[1] Plaintiffs claim that they "were never served with any motion by Freeman." (Docket No. 43 ("Pls.' Opp'n"), at 1). Even if true, Plaintiffs received notice of, and an opportunity to respond to, his arguments, as he merely joined the other MAS Defendants' motion to dismiss — and did so more than a month before Plaintiffs filed their opposition to that motion. (*See* Docket No. 41).

## BACKGROUND

Medicaid is a publicly funded health insurance program that provides "joint federal and state funding of medical care for individuals who cannot afford to pay their own medical costs." *Wong v. Doar*, 571 F.3d 247 (2d Cir. 2009). Under federal law, any state participating in the Medicaid program must adopt an approved State plan and must administer the program through a "single state agency." 42 U.S.C. § 1396a (a)(5); 42 C.F.R. § 431.10(b)(1). Among other things, the plan must "[s]pecify that the Medicaid agency will ensure necessary transportation for beneficiaries to and from providers" and "[d]escribe the methods that the agency will use to meet this requirement." 42 C.F.R. § 431.53; *see also* 42 C.F.R. § 440.170 ("'Transportation' includes expenses for transportation and other related travel expenses determined to be necessary by the agency to secure medical examinations and treatment for a beneficiary.").

In New York, DOH is the agency responsible for administration of the Medicaid program. *See* N.Y. Soc. Serv. L. § 363-a (1); 1996 N.Y. Laws Ch. 474 §§ 233-248. Further, New York law includes provisions to comply with the federal travel-related regulations. *See, e.g.*, N.Y. Soc. Serv. L. § 365-a(2)(j); 18 N.Y.C.R.R. § 505.10(d)(7)(ii) & (e). Finally, to the extent relevant here, New York law provides, in accordance with federal requirements, *see* 42 U.S.C. § 1396a, that any applicant for Medicaid may challenge a determination denying benefits by requesting an administrative fair hearing and, thereafter, by appealing any adverse decision in the fair hearing to the state courts in a New York Civil Practice Law and Rules Article 78 proceeding. *See* N.Y. Soc. Serv. L. § 22.

Maione and Ostler, who reside in Rockland County, New York, are the parents of three minor children who receive Medicaid, two of whom have chronic health conditions. (Compl. ¶¶ 1-2, 19, 37). During the course of obtaining medical treatment for their children, Plaintiffs

2

discovered that they could receive reimbursement for costs incurred in transporting them to medical appointments. (*Id.* ¶ 38). After some initial difficulty with MAS, the private contractor that oversees non-emergency Medicaid transportation in parts of the State, Plaintiffs obtained $3,500 in reimbursement for "medical travel expenses, including those for meals, tips, tolls, parking, and mileage." (*Id.* ¶¶ 38-41). While they have continued to receive payments from MAS, Plaintiffs claim that MAS has still not reimbursed them fully for what they are owed and further claim that MAS failed to send them invoices and instructions regarding fair hearings, demanded printed receipts for expenses, and incorrectly denied certain claims. (*Id.* ¶¶ 42-48, 50-52). Plaintiffs also allege that they were "flagged" because of their complaints to DOH and, as a result, were subjected to longer telephone wait times as a form of punishment. (*See id.* ¶¶ 55-56). Further, Plaintiffs allege that MAS has taken no action on their request to consolidate a number of fair hearings stemming from different claims. (*Id.* ¶¶ 98-100).

In their Complaint, Plaintiffs allege a confusing array of hearings, notices, reductions, and denials. At bottom, they appear to claim that they did not receive adequate due process protections when MAS "reduced or denied" their "Medicaid expense reimbursements for doctor visits related to personal vehicle mileage, meals, and other travel expenses," and they also challenge the "improper reduction and denial" of the claims themselves. (*Id.* ¶¶ 1-2). They bring claims under the Due Process Clause of the Fourteenth Amendment and its state analogues; the Rehabilitation Act, 29 U.S.C. §§ 701 *et seq.*; and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-12165. (Compl. ¶¶ 104-07, 128-38). They also bring claims for reimbursement of various expenses, including mileage expenses for non-emergency medical transportation and meal and tip expenses. (*Id.* ¶¶ 108-27). Their primary theory of liability appears to be that the process for submitting reimbursement requests on a receipt-by-receipt

basis and for obtaining a fair hearing process of any adverse decision is unworkable, inconvenient, and unwieldly, and as such, both denies them due process and "consciously discriminat[es]" against them and their disabled children.  (Compl. ¶ 137).

## LEGAL STANDARDS

In evaluating Defendants' motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all facts set forth in the Complaint as true and draw all reasonable inferences in Ball's favor.  *See, e.g.*, *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  A claim will survive a Rule 12(b)(6) motion, however, only if the plaintiff alleges facts sufficient "to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  A plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully," *id.*, and cannot rely on mere "labels and conclusions" to support a claim, *Twombly*, 550 U.S. at 555.  If the plaintiff's pleadings "have not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed."  *Twombly*, 550 U.S. at 570.  Finally, because Plaintiffs are proceeding *pro se*, their Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "Nonetheless, a *pro se* litigant must still state a plausible claim for relief.  Put another way, the Court's duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it."  *Thomas v. N.Y. City Dep't of Educ.*, No. 15-CV-8934 (JMF), 2016 WL 4544066, at *2 (S.D.N.Y. Aug. 31, 2016) (internal quotation marks, citation, and alterations omitted).

## DISCUSSION

Defendants make a multitude of arguments for dismissal of Plaintiffs' claims, many — if not most — of which appear to have merit.  For instance: (1) Plaintiffs lack a private right of action to assert violations of any Medicaid statutory or regulatory provision related to reimbursement of transportation costs, *see, e.g.*, *Shakhnes v. Berlin*, 689 F.3d 244, 253-54 (2d Cir. 2012) (citing *Harris v. James*, 127 F.3d 993 (11th Cir. 1997)); *Avila v. Smith*, No. 2:05-CV-309, 2006 WL 1519420, at *6 (D. Vt. May 26, 2006); (2) Plaintiffs' claims against the State Defendants for violation of the State Constitution are barred by the Eleventh Amendment, *see, e.g.*, *Morningside Supermarket Corp. v. N.Y. State Dep't of Health*, 432 F. Supp. 2d 334, 339 (S.D.N.Y. 2006); (3) Plaintiffs' ADA claims against the MAS Defendants fail because Title II of the ADA does not apply to private individuals or entities, *see, e.g.*, *Positano v. New York*, No. 12-CV-2288 (ADS) (AKT), 2013 WL 880329, at *6 (E.D.N.Y. Mar. 7, 2013); (4) Plaintiffs fail to include any substantive allegations against Maxwell, stating only that he "is the president and owner of MAS" and "directly responsible for the day-to-day operations MAS" and the allegedly improper denials of reimbursement, (Compl. ¶ 23); and (6) Plaintiffs' claims are time barred to extent that they seek reimbursement for claims submitted more than three years before they filed their Complaint, *see, e.g.*, *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 331 (2d Cir. 1997).  The Court need not dwell on these flaws, fatal though they may be at least in part, because Plaintiffs' claims fail for more fundamental reasons that are common to all Defendants.

First, Plaintiffs' due-process-related claims fail because, as a matter of law, they received all of the process they were due.  In analyzing what process is due under the Fourteenth Amendment, courts consider three factors: "[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the

5

procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).  Here, those factors tilt prohibitively in Defendants' favor.  First, although Plaintiffs melodramatically try to dress their claims up to be about "reform of the reimbursement claim system," (Pls.' Opp'n 10), or "the well-being of their children," (*id.* at 11), they are, at bottom, about money; there is no allegation, let alone plausible allegation, that Defendants deprive Plaintiffs or their children of medical care or even non-emergency medical transportation.  Second, in accordance with federal requirements, state law already provides a robust system of fair hearings and judicial review to ensure that Plaintiffs and those in similar circumstances are not wrongly deprived of reimbursement.  Given those procedures, "the second *Mathews* factor weighs dispositively in favor of the government."  *N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001); *see also Nestle Waters N. Am., Inc., v. City of N.Y.*, No. 15-CV-05189 (ALC), 2016 WL 3080722, at *7-11 (S.D.N.Y. May 25, 2016) (finding that a system of administrative hearings and judicial review in Article 78 proceedings "constituted adequate process").  And third, as the State Defendants explain, the existing procedures are critical to the government's interests in combatting fraud and other abuses of the Medicaid program.  (*See* Docket No. 30, at 14-16).

In light of those considerations, Plaintiffs' due process claim (Count I) and their reimbursement claims (Counts II, III, and IV) fall short.  Indeed, in the final analysis, all of those claims suffer from the same fatal flaw — namely, that what Plaintiffs ultimately seek is *less* process rather than *more*.  That is, the crux of Plaintiffs claims is that the process for submitting reimbursement requests on a receipt-by-receipt basis and for obtaining a fair hearing process of

any adverse decision is inefficient and unworkable.  Plaintiffs, however, cite no authority for the proposition that providing too much process violates the Constitution or that due process requires the government to adopt the most efficient system for adjudicating claims.  Nor do they cite any authority that supports the relief they ultimately seek, which — at its most brazen — includes the astonishing request for an injunction ordering State Defendants "to reimburse Plaintiffs for *all* submitted invoices, *as well as yet to be submitted*, and all pre-authorized Medicaid travel expense claims (and portions thereof) submitted by the Plaintiffs but withheld by defendants since 2011."  (Compl. Prayer for Relief (emphasis added)).  Accordingly, Plaintiffs' due-process-related claims against all Defendants must be and are dismissed.

Plaintiffs' remaining claims — under the Rehabilitation Act and Title II of the ADA — fare no better.  "The purpose of the ADA and Rehabilitation Act statutes is to 'eliminate discrimination on the basis of disability and to ensure evenhanded treatment between the disabled and the able-bodied.'"  *Atkins v. Cty. of Orange*, 251 F. Supp. 2d 1225, 1232 (S.D.N.Y. 2003) (quoting *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998)).  To state a claim under the statutes, therefore, a plaintiff must allege: "(1) that he is a 'qualified individual' with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusion or discrimination was due to his disability."  *Mary Jo C. v. N.Y. State & Local Ret. Sys.*, 707 F.3d 144, 153 (2d Cir. 2013) (quoting *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003)); *see Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) (noting that Rehabilitation Act claims are generally subject to the same standards as claims under Title II of the ADA).  Putting aside the question of whether Plaintiffs can bring claims under these statutes on behalf of their children, Plaintiffs' claims fail because they do not allege any differential treatment between

their children and other Medicaid recipients. Indeed, far from a reasonable accommodation, Plaintiffs' request — to circumvent the existing reimbursement system — is more akin to "a grant of special substantive rights [that] would not constitute appropriate relief." *Henrietta D.*, 331 F.3d at 282; *see also Doe*, 148 F.3d at 83 (noting that, while the Rehabilitation Act and Title II of the ADA aim to ensure that "disabled individuals receive 'evenhanded treatment,'" they do not categorically "establish an obligation to meet a disabled person's particular needs").

## CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED, and the Complaint is DISMISSED in its entirety.

Although leave to amend a pleading should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and courts should generally grant *pro se* plaintiffs leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam), it is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Exercising that discretion here, the Court declines *sua sponte* to grant Plaintiffs leave to amend to address the defects in their claims. First, a district court may deny leave to amend when, as here, amendment would be futile because the problems with a plaintiff's claims are "substantive" and "better pleading will not cure" them. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Second, Plaintiffs were previously granted leave to amend their Complaint to cure the deficiencies identified in Defendants' motion to dismiss and were explicitly cautioned that they "w[ould] not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss." (Docket No. 25). Finally, with respect to the defects identified here, Plaintiffs have "not

requested permission to file a[n amended complaint], nor [have they] given any indication that [they are] in possession of facts that would cure the problems" identified. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014).

The Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith and, thus, *in forma pauperis* status is denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket Nos. 19 and 26, to close the case, and to mail a copy of this Memorandum Opinion and Order to Plaintiffs.

SO ORDERED.

Date: September 28, 2018
New York, New York

_____
JESSE M. FURMAN
United States District Judge